UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

**Effective**
**1/1/2020**

In re: )
)
DEBRA DYER )
_____, )   Case No. ___22-90384___
)
Debtor(s). )

# CHAPTER 13 PLAN

Original ☐

Amended Plan # [ 1st ] (*e.g.*, 1st, 2nd)

**MUST BE DESIGNATED**

## 1.   Notices

**YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.

**THIS PLAN DOES NOT ALLOW CLAIMS.** A creditor must file a timely proof of claim to receive distribution as set forth in this Plan. Even if this Plan provides for payment, no payment will be made unless a proof of claim is timely filed.

**NOTICE TO AFFECTED PARTIES REQUIRED**. No provision of this plan will be effective against a creditor or affected party not identified in the Debtor's schedules and not included in the list, also known as the mailing matrix, containing the name and address of each entity included or to be included on the Debtor's schedules.

As used herein, the term "Debtor" includes both the debtor and co-debtor in a jointly administered case.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.***

| | | | |
|---|---|---|---|
| **A.** | **A limit in the amount of a secured claim, set out in Paragraph D of Part 5, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☒ Not Included |
| **B.** | **Avoidance of a security interest or lien, set out in Paragraph B of Part 9** | ☐ Included | ☒ Not Included |
| **C.** | **Nonstandard provisions set out in Part 11** | ☒ Included | ☐ Not Included |

2.      **Payments To Fund Plan:**

    A.      **The Debtor submits to the Standing Chapter 13 Trustee ("Trustee") the following regular payments:**

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 6 | $1,650.00 | $9,900.00 |
| 7 | 60 | $1,858.00 | $100,332.00 |
| Total # Months: | 60 | Grand Total Payments: | $110,232.00 |

    B.      **Income Tax Refunds**

       ☐      The Debtor is required to turn over to the Trustee 100% of all federal and state income tax refunds received during the term of this Plan, excepting only any federal income tax refund constituting Earned Income Credit and/or Additional Child Tax Credit, and any additional state and/or federal refund of $1500 or less per year in the aggregate.

       ☒      The Debtor is not required to turn over to the Trustee any income tax refunds received during the term of this Plan.

    C.      **Other Payments:**

|  |
|---|
|  |

    D.      **Notice Regarding Discrepancies**

       In the event there is a discrepancy between the aggregate amount that the Debtor proposes to pay to the Trustee to fund this Plan, and the aggregate amount needed by the Trustee to pay all claims in accordance with the specific provisions set forth below, the specific provisions set forth below shall control. If, at any time during the term of this Plan, it is determined by the Trustee that insufficient funds are being paid in to fund all payments the Trustee is required to make, the Debtor shall increase the periodic payments set forth in Paragraph A of Part 2 above or otherwise provide for increased payments as needed. Alternatively, if the amount the Debtor is paying to the Trustee exceeds the amount needed for the Trustee to make all payments required by this Plan, any excess funds shall be refunded to the Debtor. Nothing in this provision should be construed as limiting the right of the Debtor, the Trustee, or any unsecured creditor to seek to modify this Plan after confirmation pursuant to 11 U.S.C. §1329.

3.  **Administrative Claims:**

    A.      **Trustee Compensation:**

       Trustee fees shall be paid as provided by 28 U.S.C. §586(e). Regardless of the precise amount of the Trustee's fees set by the U.S. Trustee at any particular time, for purposes of this Plan, the fees shall be estimated at 10% of all amounts to be paid through this Plan.

**B.**    **Attorney Fees**:

Choose one of the following:

☒    The Debtor's attorney has agreed to accept $<u>   4,250.00   </u> for all services to be rendered to the Debtor in this case as required by the current Standing Order Regarding Attorney Fees for Debtor's Counsel in Chapter 13 cases for the Division in which the case is filed. Because the fee amount is at or below the "no-look" fee set forth in the Standing Order, the attorney is not required to file a fee application unless otherwise ordered by the Court. The Debtor's attorney has received $<u>   142.00   </u> of the fee and the balance of $<u>   4,108.00   </u> shall be paid through this Plan in accordance with the Standing Order.

☐    The Debtor's attorney has not agreed to accept a fee at or below the "no look" fee and, therefore, will file an initial itemized fee application within 30 days after the entry of an order confirming this Plan. The Debtor's attorney estimates the total fee request to be $<u>              </u>. The Debtor's attorney has received $<u>              </u> and expects the balance to be paid through this Plan to be $<u>              </u>. Payment of the balance through this Plan shall be paid in accordance with the Standing Order.

Further interim and final fee applications may be filed during the term of this Plan, provided that attorneys who have agreed to accept a "no look" fee pursuant to the Standing Order may only seek compensation for services which are beyond the scope of the services required to be performed to obtain a "no look" fee.

**4.  Priority Claims**:

**A.**    **Domestic Support Obligations:**  ☒ None

**B.**    **Other Priority Claims under 11 U.S.C. §507:**  ☒ None

**5.  Secured Claims**:

**A.**    **Maintenance of Payments:**  ☐ None

i.    The Debtor shall pay post-petition payments directly to the following creditors:  ☐ None

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| Systems and Services Tech | 2018 Salem Bunkhouse | $12,829.00 | $359.00 |
| Rushmore Loan Management | 257 N. West Ave. | $201,707.00 | $1,149.00 |

ii.    The Trustee shall pay post-petition payments through this Plan to the following creditors: ☒None

**B.**    **Curing Default:**  ☐ None

With respect to the following creditors, the Trustee shall pay allowed claims for arrearages through this Plan, regardless of who is maintaining payments under Paragraph A of Part 5:

| Creditor | Collateral | Estimated Arrearage | Regular Payment Amount |
|---|---|---|---|
| Rusmore Loan Management | 257 N. West Ave. | $45,000.00 | $1,149.00 |

C.  **Secured Claims to which 11 U.S.C. §506 Valuation is NOT Applicable ("910 Claims"):**  ☐ None

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the Debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy or debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and will be paid by the Trustee through this Plan.

| Creditor | Collateral | Estimated Claim | Interest Rate % | Estimated Monthly Payment | Estimated Total Principal & Interest |
|---|---|---|---|---|---|
| Prestige Financial | 2018 Chevrolet Equinox | $28,355.00 | 8.5% | $1,000.00 | $31,764.94 |

D.  **Other Secured Claims:**  ☒ None

E.  **Secured Claims for Real Estate Taxes:**  ☒ None

F.  **Surrender of Property:**  ☒ None

6.  **Unsecured Claims:**

   A.  **Liquidation Analysis**

   If the Debtor's estate were liquidated under Chapter 7 as of the date of this Plan, the value of the property to be distributed on account of allowed unsecured claims would be $ 0                    .

   B.  **Statement of Applicable Commitment Period**

   Per Official Form 122C-1, the Debtor has a ☐ 3- or ☒ 5-year applicable commitment period.

   C.  **Projected Monthly Disposable Income**

   The Debtor's projected monthly disposable income is $                    . (In calculating this amount, a deduction should be taken for the 10% Trustee's fee described in Paragraph A of Part 3 above. The Trustee's fee deduction should be taken only once.)

   D.  **Co-Debtor Claims:**  ☒ None

    **E.**    **Distribution on Allowed General Unsecured Claims**

Choose only one of the following:

☐    Allowed general unsecured claims shall not receive any distribution pursuant to this Plan.

☒    Allowed general unsecured claims shall be paid in full pursuant to this Plan.

☐    The Debtor shall pay the sum of $_____to unsecured creditors pursuant to this Plan, which shall be distributed first to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

☐    The funds remaining after disbursements have been made to all other creditors provided for herein shall be distributed first to pay all claims listed in Paragraph D of Part 6 above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

**7. Executory Contracts and Unexpired Leases:** ☒ None

**8. Property of the Estate:**

☒    Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306.

☐    All property of the estate shall vest in the Debtor upon discharge.

Pursuant to 11 U.S.C. §1327(b), the effect of failure to check one of the above boxes will be to vest all property of the estate in the Debtor upon confirmation.

**9. Lien Avoidance:** ☒ None

**10. Miscellaneous:**

**A.**    Per Federal Rule of Bankruptcy Procedure 3010(b), the Trustee shall make no payment in a denomination of less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments of less than $15.00.

**B.**    All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. §1328.

**C.**    Secured creditors and lessors to be paid directly by the Debtor may continue to send to the Debtor customary notices, payment coupons, and invoices notwithstanding the automatic stay.

**11. Nonstandard Provisions**:

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Plan Form or deviating from it. ***The provisions in this Part will not be effective unless the applicable box in Paragraph C of Part 1 is checked. Nonstandard provisions set forth elsewhere in this Plan are ineffective.***

---

1. Prestige Financial shall receive pre-confirmation adequate protection payments in the amount of $300.00 per month.

---

**12. Signatures**

If the Debtor is represented by an attorney, the attorney must sign the Plan and the Debtor may but is not required to sign it. If the Debtor is not represented by an attorney, the Debtor must sign the Plan. The Plan must be dated.

By filing this document, the Debtor, if not represented by an attorney, or the attorney for the Debtor, also certifies that the wording and order of the provisions in this Plan are identical to those contained in the Chapter 13 Model Plan for the Bankruptcy Court for the Central District of Illinois, other than any nonstandard provisions included in Part 11.

Signed:

Date: 9/21/2022

Name, Debtor

Date: _____

Name, Joint Debtor

Date: 9/21/2022         /s/ Dustin B. Allen

Attorney for Debtor(s):

8707 Skokie Blvd, #312
Skokie, IL 60077

Attorney Address

 (773) 980-9004

Attorney Phone Number

dustin@freydinlaw.com

Attorney E-mail Address