UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: | Case No. 22-90384 |
| | Honorable Thomas L. Perkins |
| Debra Dyer | Chapter 13 |

## PRESTIGE FINANCIAL SERVICES INC.'S OBJECTION
## TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

NOW COMES Prestige Financial Services Inc., by and through its attorney James M. Philbrick of the LAW OFFICES OF JAMES M. PHILBRICK P.C., and as and for its Objection to Confirmation of Debtor's Chapter 13 Plan, states as follows:

1. That Prestige Financial Services Inc. is a creditor-claimant of the Debtor, and brings this Objection pursuant to 11 U.S.C. §1324 and §1325.

2. That on April 4, 2022, the Debtor executed an Agreement for an interest in one 2018 Chevrolet Equinox, VIN: 3GNAXJEV6JS558821.

3. That on April 4, 2022, the Agreement was duly assigned to Prestige Financial Services Inc.. That thereafter the lien of Prestige Financial Services Inc. was properly perfected in accordance with the Illinois Motor Vehicle Act, and said lien was noted upon the certificate of title in connection with the aforesaid vehicle.

4. That on September 6, 2022, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

5. That the payoff balance owing to Prestige Financial Services Inc. under the terms of the Agreement at the time of filing was $29312.63

6. That the said vehicle is secured by a purchase money security interest and was purchased within 910 days prior to the filing of this bankruptcy case and, therefore, 11 U.S.C. §506 does not apply to Prestige Financial Services Inc.'s claim.

7. That the Debtor's Chapter 13 Plan fails to provide for sufficient equal monthly amounts to pay Prestige Financial Services Inc.'s claim in full during the proposed length of the plan as provide by 11 U.S.C. §1325(a)(5)(iii)(I) and (II).

8. That the Debtor's Chapter 13 Plan fails to provide for the commencement of sufficient adequate protection payments directly to Prestige Financial Services Inc..

9. That Prestige Financial Services Inc. is entitled to interest on its claim at the rate of 9.25%.

10. Debtor's plan fails to provide an interest rate in compliance with the guidelines of the Supreme Court decision, <u>In re Till.</u>

11. That the Debtor's chapter 13 plan does not provide for the proper treatment of Prestige Financial Services Inc.'s claim. That the plan proports to be in compliance with 11 U.S.C. §1325a(5)(B)(i), which clearly states that Prestige Financial Services Inc. will retain its lien until the earlier of either payment in full to Prestige Financial Services Inc. under non-bankruptcy or upon discharge pursaunt to 11 U.S.C. §1328.

12. That for the reasons stated herein, confirmation of the Debtor's Chapter 13 Plan should be denied.

WHEREFORE, Prestige Financial Services Inc. prays this Honorable Court for entry of an order denying confirmation of the Debtor's Chapter 13 Plan and for such other and further relief as the Court may deem just and proper.

Prestige Financial Services Inc.

By:  /s/ James M. Philbrick
     One of its Attorneys

**CERTIFICATE OF SERVICE**

I, James M. Philbrick, an attorney, certify that I personally served the above Objection on the Debtor's attorney, Dustin Allen and on the Chapter 13 Trustee, Marsha L Combs-Skinner, by Court Electronic Notification on the 10th day of October, 2022, before the hour of 5:00 p.m.

/s/ James M. Philbrick

James M. Philbrick
Attorney No. 6244743
Law Offices of James M. Philbrick
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690
jamesphilbrick@comcast.net